James T. Anderson, OSB #152404
KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Avenue East, Suite 250
Seattle, WA 98102
Telephone: (206) 682-1505
Facsimile: (206) 467-1823
Email: jta@krutchlindell.com

Matthew K. Clarke, OSB #022758
KRUTCH LINDELL BINGHAM JONES, PS
5 Centerpointe Dr., Suite 400
Portland, OR 97035
Telephone: (503) 210-1987
Facsimile: (206) 467-1823
Email: mkc@krutchlindell.com

*Of Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **PATRICIA ANDERSON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DELTA AIR LINES, INC.**, a Delaware Corporation; **UNIFI AVIATION, LLC**, a Delaware Corporation, f/k/a, **DELTA GLOBAL SERVICES**,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, by and through her undersigned attorneys, and alleges as follows:

### I. THE PARTIES

1.1  Plaintiff Patricia Anderson is now, and at all times material hereto, has been a citizen and resident of the State of Oregon.

1.2     At all times material hereto, Defendant DELTA AIR LINES, INC. (hereinafter "Delta") is and has been a Delaware corporation headquartered at 1030 Delta Blvd., Atlanta, GA 30354, registered to conduct business in the State of Oregon, and doing regular and sustained business in Multnomah County, Oregon, including operating substantial daily commercial flights in and out of Portland International Airport, and selling airfares from its ticketing counters/offices at Portland International Airport.

1.3     At all times material hereto, Defendant UNIFI AVIATION, LLC (hereinafter "Unifi"), formerly known as DELTA GLOBAL SERVICES, is and has been a Delaware corporation headquartered at 950 Paces Ferry Rd. NE, Suite 2000, Atlanta, GA 30326, registered to conduct business in the State of Oregon, and doing regular and sustained business in Multnomah County, Oregon.

## II.  JURISDICTION AND VENUE

2.1     Ms. Anderson re-alleges and incorporates by reference all preceding paragraphs in this complaint as if fully set forth herein.

2.2     Subject matter jurisdiction over this claim and the Defendants exists pursuant to 28 U.S.C. § 1331 and § 1367 in that the subject matter of this claim involves an accident that occurred during international air travel, and Ms. Anderson's cause of action arises from a treaty agreement, namely Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999, reprinted in S. Treaty Doc. 106-45 at 27 (2000) 1999 WL 33292734 (entered into force November 4, 2003) (treaty), commonly referred to as the Montreal Convention (hereinafter "Montreal Convention").

2.3     Diversity jurisdiction also exists under 28 U.S.C. §1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

2.4     The United States District Court for the District of Oregon has jurisdiction over Delta and Unifi and is a proper venue for this action under Article 33 of the Montreal Convention because the State of Oregon: (1) is a state in which Delta and Unifi have places of business through

which the contract was made; (2) was and is the principal and permanent place of residency for Ms. Anderson; (3) was and is a place from which Delta operates services for the carriage of persons by air from premises leased or owned by the carrier itself or by another carrier with which it has a commercial agreement; and/or, (4) was and is a place from which Unifi provides services to airline passengers.

2.5     This Court has personal jurisdiction over Delta and Unifi, which have sufficient minimum contacts with, and have purposefully availed themselves of the benefits of doing business in this State and District—in particular at Portland International Airport in Multnomah County.

2.6     Divisional venue is proper in Portland in that Portland International Airport is the originating airport on plaintiff's flight itinerary with Delta on May 11, 2022.

### III.  FACTS

3.1     Ms. Anderson re-alleges and incorporates by reference all preceding paragraphs in this complaint as if fully set forth herein.

3.2     Due to an automobile accident earlier in life, Ms. Anderson suffers from permanent disabling traumatic brain injury. Her past surgical history includes two knee replacements and a left hip replacement. Accordingly, Ms. Anderson is a disabled person as defined by ORS 801.387 "Person with a disability."

3.3     On April 27, 2022, Ms. Anderson and Delta entered into a contract for international carriage, as that term is known and defined in Article 1 of the Montreal Convention, providing Ms. Anderson with roundtrip international travel as part of a round trip itinerary. The outgoing portion of the itinerary provided for travel by air from Portland, Oregon, to Los Angeles, California, to Atlanta, Georgia, to Santiago, Chile. The return portion of the itinerary, scheduled for eight weeks thereafter[1], provided for travel by air from Santiago, Chile to Atlanta, Georgia, to Portland, Oregon.

---

[1] The purpose of Ms. Anderson's prolonged trip was to visit with and care for her ailing mother who resides in Chile.

3.4     Due to her preexisting physical disability, Ms. Anderson informed Delta that she required wheelchair assistance for enplaning and deplaning to prevent further injury, falls and/or additional injuries. She requested wheelchair assistance for her entire itinerary, including her scheduled flight layover at Hartsfield-Jackson International Airport in Atlanta, Georgia.

**△ DELTA**

**Date of Purchase: Apr 27, 2022**

**Flight Receipt for Portland, OR to Santiago, Chile**

**PASSENGER INFORMATION**

PATRICIA ANDERSON

Confirmation Number: GJ738S
Ticket Number: 0062158955232

**FLIGHT INFORMATION**

| Date and Flight | Status | Class | Seat/Cabin |
|---|---|---|---|
| PDX>LAX<br>Wed 11May2022 DL 2483 | OPEN | SN | 11C |
| LAX>ATL<br>Wed 11May2022 DL 367 | OPEN | NX | 25F |
| ATL>SCL<br>Wed 11May2022 DL 147 | OPEN | SN | 12J |
| SCL>ATL<br>Mon 04Jul2022 DL 146 | OPEN | SN | 18J |
| ATL>PDX<br>Tue 05Jul2022 DL 713 | OPEN | SN | 13A |

*Above: Ms. Anderson's Delta flight receipt with travel itinerary*

3.5     It is believed and therefore alleged that Delta kept a list of passengers requiring special services and that Ms. Anderson was on this list.

3.6     Pursuant to the contract for international carriage reflected in Paragraph 3.3, on or about May 11, 2022, Ms. Anderson was a passenger on Delta Flight 2483 from Portland, Oregon

to Los Angeles, California. At Los Angeles International Airport, Ms. Anderson boarded Delta Flight 367 (the subject flight, hereinafter "flight") bound for Atlanta, Georgia.

3.7   The flight arrived in Atlanta at approximately 7:10 pm EDT the same day. During the deplaning process, Delta and Unifi employees were required to provide Ms. Anderson with an attendant propelled wheelchair to assist with mobility and the navigation of Hartsfield-Jackson International Airport.

3.8   On the same day and at the same time, Delta and Unifi employees failed to assist Ms. Anderson with the deplaning process and failed to provide a wheelchair for the process of deplaning.

3.9   Delta's and Unifi's failure to provide assistance forced Ms. Anderson to deplane unassisted, resulting in a fall at the threshold of the jetway and the gate, which caused serious injury to Ms. Anderson.

3.10   Ms. Anderson, already in pain, sustained additional serious injuries, which caused her increased pain and required treatment.

## IV.  CAUSE OF ACTION

4.1   Ms. Anderson re-alleges and incorporates by reference all preceding paragraphs in this complaint as if fully set forth herein.

4.2   Ms. Anderson alleges a common law negligence claim against all Defendants. All Defendants had a duty of reasonable care to Ms. Anderson, breached that duty, and proximately caused her damages.

4.3   Delta is a common carrier under Federal law and Oregon law, and therefore has a non-delegable duty to use the highest degree of care to ensure the safety of its passengers.

4.4   As Delta's agent in assisting disabled passengers to embark and disembark aircraft, Unifi is also a common carrier with a duty to use the highest degree of care to ensure the safety of its passengers.

4.5   14 C.F.R. § 382.91 of the Air Carrier Access Act provides that air carriers such as Delta are required to ensure that individuals with disabilities are provided with assistance in

making flight connections and transportation between gates, among other requirements, when requested by or on behalf of a passenger with a disability.

4.6     Further, 14 C.F.R. §382.95 and/or other provisions of the Air Carrier Access Act require air carriers to promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability or offered by carrier or airport operator personnel and accepted by passengers with a disability, in enplaning and deplaning. These requirements include, amongst other things, the provision of personnel to provide this assistance.

4.7     In the course of the business of Delta and Unifi, they regularly provide wheelchair gate-to-gate escorts for passengers, including escorts for passengers with disabilities, such as Ms. Anderson, a vulnerable adult passenger.

4.8     In advance of traveling on Delta, Ms. Anderson requested that Delta provide wheelchair gate-to-gate assistance.

4.9     It was the duty and responsibility of Delta and Unifi to provide this gate-to-gate escort to Ms. Anderson at Hartsfield-Jackson International Airport, between the subject flight and her connecting Delta Flight 147 to Santiago, Chile.

4.10    Delta, by and through its agents and servants, breached the non-delegable duty owed to Ms. Anderson under the common law and/or the Air Carrier Access Act by failing to safely assist during the disembarkment process and provide the required gate-to-gate escorting between Delta Flights 367 and 147.

4.11    Unifi, by and through its agents and servants, breached the non-delegable duty owed to Ms. Anderson under the common law and/or the Air Carrier Access Act by failing to safely assist during the disembarkment process and provide the required gate-to-gate escorting between Delta Flights 367 and 147.

4.12    It was foreseeable that Ms. Anderson was likely to be injured without the required gate-to-gate escort between flights.

4.13    Delta and Unifi failed to exercise the highest degree of care and skill required of them as common carriers for the protection and safety of Ms. Anderson.

4.14    Ms. Anderson sustained injuries as a direct and proximate result of Defendants' acts and omissions and failure to exercise the highest degree of care practicable.

4.15    At the time of this incident, Defendants were engaged in international carriage as defined in Article 1 of the Montreal Convention, and the Montreal Convention is therefore applicable to this action, pursuant to that same Article.

4.16    Pursuant to Articles 17 and 21 of the Montreal Convention, Defendants are strictly liable for damage sustained in the case of bodily injury to a passenger on board the aircraft up to 128,821 Special Drawing Rights. Defendants are also liable for damages beyond 128,821 Special Drawing Rights unless Defendants prove that (a) such damage was not due to its negligence, wrongful act, or omission of Delta or its servants or agents or (b) such damage was due solely to the negligence or other wrongful act or omission of a third party.

4.17    Defendants were negligent and breached their duty of reasonable care for the safety and protection of Ms. Anderson in all or more of the following ways:

a) failing to ensure it had access to proper equipment as is mandated by Federal law;

b) failing to ensure that it used proper equipment to transport disabled patients in compliance with Federal law;

c) failing to implement and/or follow policies, measures, and procedures necessary to protect the disabled Plaintiff and other disabled patrons;

d) failing to properly train its staff and/or contractors in such a manner as to ensure the safety of disabled passengers, more specifically, the Plaintiff;

e) failing to properly train its staff and/or contractors to perform their job functions as related to disabled passengers in compliance with Federal law.

4.18    As a direct and proximate result of the incident described herein, and the errors and omissions of Defendants, Ms. Anderson has suffered injuries and damages as are described below.

## V.     DAMAGES

5.1     Ms. Anderson has suffered in the past, continues to suffer presently, and will suffer in the future, damages which include but are not limited to the following: physical pain and suffering; shock; emotional distress; embarrassment; anxiety; anguish; depression; loss of enjoyment of life; expense of medical care, and other medical special damages; and further injuries and damages as will be proven at trial.

## VI.     JURY DEMAND

6.1     Plaintiff hereby requests a jury trial in this matter.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Ms. Anderson prays for judgment against Defendants, in amounts to be proven at trial, for damages as outlined above, and as follows:

7.1     For Ms. Anderson's general damages for pain, shock, emotional distress, embarrassment, anxiety, anguish, depression, and loss of enjoyment of life as set forth above.

7.2     For all past, present and future special damages, including, but not limited to, all medical expenses, and all other recoverable special damages as may result from the injuries to Ms. Anderson alleged herein.

7.3     For all other general and special damages recoverable under Oregon State law, the Montreal Convention, or any other applicable law or treaty.

7.4     For pre- and post-judgment interest.

7.5     For costs, including reasonable attorneys' fees as allowed by law.

7.6     For such other and further relief as the Court may deem just and equitable.

DATED this 1st day of May, 2024.

                KRUTCH LINDELL BINGHAM JONES, P.S.

                By:  */s/ James T. Anderson*
                     James T. Anderson, OSB #152404

                     3316 Fuhrman Avenue East, Suite 250
                     Seattle, WA 98102
                     Telephone: (206) 682-1505
                     Facsimile: (206) 467-1823
                     Email: jta@krutchlindell.com

                By:  */s/ Matthew K. Clarke*
                     Matthew K. Clarke, OSB #022758

                     5 Centerpointe Dr., Suite 400
                     Portland, OR 97035
                     Telephone: (503) 210-1987
                     Facsimile: (206) 467-1823
                     Email: mkc@krutchlindell.com

                     *Attorneys for Plaintiff*